**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MARKO ZNAK,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1264-KC** |
| | § | |
| **WARDEN, ERO EL PASO CAMP** | § | |
| **EAST MONTANA,** | § | |
| | § | |
| **Respondent.** | § | |

**ORDER**

On this day, the Court considered Marko Znak's Petition for a Writ of Habeas Corpus, ECF No. 1. Znak is detained at the ERO El Paso Camp East Montana detention center in El Paso, Texas. *Id.* ¶ 2. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 13–15.

On November 25, 2025, Znak was detained by immigration authorities. *Id.* ¶ 11. An immigration judge has ordered that Znak be removed to Ukraine. Mot. 4, ECF No. 2. Znak argues that he "cannot be removed to Ukraine, or any other country." *Id.* And that he has been detained "for a period far longer than the law mandates" so he is "indefinitely detained in ICE custody." *Id.* On May 4, 2026, the Court found that "[i]f these allegations are true, Znak will likely meet his burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" May 4, 2026, Order 2–3, ECF No. 3 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)). Respondents had to "rebut this showing by either demonstrating that Znak's removal is likely in the reasonably foreseeable future or deporting him." *Id.* at 3.

Respondents then filed their Response, ECF No. 8, arguing that that Znak's Petition should be denied.  Resp. 1.  Particularly, although Respondents were unsuccessful in removing Znak as originally scheduled on April 29, they had since received his travel documents and anticipated that Znak would be removed "in the near future."  *Id.*  Thus, the Court gave Respondents two weeks to continue their removal efforts.  May 22, 2026, Order, ECF No. 9.  Respondents were to specify: whether Znak was removed, if not, the reasons for delay and steps taken to address the obstacles, and the anticipated timeline for Znak's removal.  *Id.*

Respondents now state that Znak was not removed.  Status Update, ECF No. 13.  Apart from that, Respondents provide the Court with little new information.  *See generally id*.  Respondents reiterate that Znak was not removed on April 29, and that there are currently "no scheduled removal mission[s] to Ukraine."  *See id.* Ex. A ("Flores Decl.") ¶ 6, ECF No. 13-1.  Thus, the timeline for Znak's removal "is currently unknown."  *Id.* ¶ 7.

In sum, Respondents have not shown any reasonable likelihood of removing Znak to Ukraine.  Znak has now been detained for just over six months.  Respondents concede that there are no scheduled "removal missions" to Ukraine.  *See generally* Flores Decl.  Despite the fact that they have a valid Ukrainian travel document for Znak, Respondents cannot provide an anticipated timeline for his removal, nor do they purport to have identified any potential third countries for removal.  Because all ongoing removal efforts are vague and speculative, as Respondents cannot provide a timeline and have no concrete alternatives for Znak's removal, and considering that he has now been detained for over six months, Respondents have failed to carry their own burden of proving that his removal is significantly likely in the reasonably foreseeable future.  *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025).

Nevertheless, because Respondents continue to insist that they "will be able to remove [Znak] in the near future," the Court provides them a final opportunity to do so.  *See* Flores Decl. ¶ 7.

Accordingly, the Petition is **GRANTED IN PART**.  *See id.*  The Court **ORDERS** that, **on or before June 22, 2026**, Respondents shall either lawfully **REMOVE** Znak from the United States or **RELEASE** Znak from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before June 22, 2026**, Respondents shall **FILE** notice informing the Court whether Znak has been removed from the country or released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the June 22, 2026, deadlines**, unless they fall on a weekend or holiday, in which case, the deadlines are extended to the following business day.

**SO ORDERED**.

**SIGNED this 8th day of June, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3